IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʿI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 07-00564 JMS KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NICHOLAS P. WEBB I, | ) | |
| FRANCINE M. WEBB, NICHOLAS | ) | |
| P. WEBB II, FIRST HAWAIIAN | ) | |
| BANK, RICHARD C. REYNOLDS, | ) | |
| LINDA L. REYNOLDS, STATE OF | ) | |
| HAWAIʿI, DEPARTMENT OF | ) | |
| TAXATION, MAUI COLLECTION | ) | |
| SERVICE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CV. NO. 07-00170 JMS LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NICHOLAS P. WEBB, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER GRANTING ALL DEFENDANTS' MOTION TO DISMISS
DEFENDANT NICHOLAS P. WEBB I'S CROSS-COMPLAINT

On April 28, 2008, the Court heard Defendants' Motion to Dismiss

Defendant Nicholas P. Webb I's Cross-Complaint. Nicholas P. Webb I failed to

appear at the hearing; Assistant United States Attorney Harry Yee appeared at the

hearing and Jeremy N. Hendon, Trial Attorney, Tax Division, U.S. Department of

Justice, appeared telephonically, on behalf of Federal Defendants. After reviewing

the motion and the supporting and opposing memoranda, the Court **GRANTS**

Defendants' Motions.

BACKGROUND

I.  Case No. 07-00170 JMS LEK

On March 28, 2007, the United States brought a petition (Doc. # 1)

seeking an order from the Court enforcing an Internal Revenue Service ("IRS")

collection summons (the "summons") issued to Plaintiff Nicholas P. Webb I.[1]  The

summons sought information about Plaintiff's assets, income, and expenses.  The

case was assigned case number 07-00170 JMS LEK.

---

[1] Nicholas Webb is identified as a defendant and respondent in the two cases
that are the subject of the instant order.  As described more fully below, Webb
asserted variously titled cross-claims against federal employees in case number 07-
00170 and in case number 07-00564.  As such, Webb will be referred to as
"Plaintiff" for purposes of the instant order.

2

On April 10, 2007, U.S. District Judge Michael Seabright issued an Order to Show Cause (Doc. # 5) requiring Plaintiff to appear before U.S. Magistrate Judge Leslie Kobayashi to show cause why the summons should not be enforced.  On May 16, 2007, Magistrate Judge Kobayashi issued a Report and Recommendation (Doc. # 14) recommending that the summons be enforced.  On May 24, 2007, Plaintiff filed a document styled as: "Notice of Objection in the Nature of an Appeal to Magistrate's Report and on Petition to Enforce Internal Revenue Service Summons Dated May 16, 2007, Respondent's Cross-Claim/Complaint" ("May 2007 Claim") (Doc. # 15).  In the May 2007 Claim, Plaintiff asserts, among other things, that the Federal Defendants served summons for illegitimate purposes, that the summons was improperly issued, and that this Court issued irregular and illegal orders.  On June 5, 2007, Judge Seabright adopted Magistrate Judge Kobayashi's recommendation over Plaintiff's objection ("June 2007 Order") (Doc. # 18).

On July 30, 2007, the United States filed a Petition for Order to Show Cause Why Respondent Should Not be Held in Contempt regarding Plaintiff's failure to comply with the Court's June 2007 Order enforcing the summons.  Judge Seabright then issued an Order to Show Cause requiring Plaintiff to appear before him to explain why he failed to comply with the June 5 Order.

After several unsuccessful attempts to serve Plaintiff with the Order to Show Cause, the United States requested a bench warrant from the Court due to Plaintiff's evasion of service.  The Court issued the bench warrant on December 5, 2007.  As of the date of filing of the instant order, Plaintiff has not appeared before this Court on the Order to Show Cause.

On January 30, 2008, Defendants filed a Motion to Dismiss Defendant Nicholas P. Webb I's Cross-Complaint ("Motion to Dismiss") (Doc. # 36) in case number 07-00170.  On March 6, 2008, Judge Seabright issued an Order of Recusal on the Motion to Dismiss (Doc. # 38) in that case.  Plaintiff did not file an opposition.

II.  Case. No. 07-00564 JMS KSC

On November 16, 2007, the United States filed a separate action against Plaintiff and others seeking to reduce Plaintiff's federal income tax liabilities to judgment and to foreclose the United States' federal tax liens against a parcel of real property owned by Plaintiff (Doc. # 1).  That case was assigned case number 07-00564 JMS KSC.  On December 20, 2007, Plaintiff answered (Doc.

# 4) and, on January 10, 2008, asserted a cross-complaint ("January 2008 Claim")

(Doc. # 9).[2]

The January 2008 Claim, while unclear, alleges numerous federal and

state law violations and seeks to vacate the liens against Plaintiff's property and

damages totaling $1,086,268.40.[3]  The following federal employees are named as

defendants: Judge Seabright, Magistrate Judge Kobayashi, U.S. Secretary of the

Treasury Michael M. Paulson, Jr., U.S. Attorney General Michael B. Mukasey,

U.S. Attorney Edward H. Kubo, Jr., Assistant U.S. Attorney Harry Yee, U.S. Trial

Attorney Jeremy Hendon, IRS Commissioner Mark W. Everson, IRS Office of

Chief Counsel Attorneys Peter R. Hochman and David Lau, IRS Officers Loma

Lupah, Susan A. Hansen, Martin L. Humpert, and Elizabeth Santos-Kraushaar

(collectively, "Federal Defendants").

---

[2] Plaintiff styles the January 2008 Claim as "Libel of Review in Objection to Order Filed August 2, 2007, Et Al, and in Objection to Complaint Filed November 16, 2007 and Answer of Nicholas P. Webb's Verified Cross-Complaint of Involuntary Servitude and Peonage in Re: All Property and Rights to Property of Webb His Estate and Trust."

[3] Plaintiff's May 2007 Claim and January 2008 Claim, while both unclear, appear to assert essentially the same arguments in support of similarly styled relief. As such, the Court considers them in conjunction and hereinafter refers to them collectively as the "Claims."

On January 30, 2008, Defendants filed the instant Motion to Dismiss

Defendant Nicholas P. Webb I's Cross-Complaint ("Motion to Dismiss") (Doc.

# 13) in case number 07-00564.[4]  On March 6, 2008, Judge Seabright issued an

Order of Recusal on the Motion to Dismiss (Doc. # 24) in that case.  Plaintiff did

not file an opposition.

## STANDARD OF REVIEW

Defendants brought their motion to dismiss for: (1) improper service

pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(5);[5] (2) lack of

subject matter jurisdiction pursuant to FRCP 12(b)(1); and failure to state a claim

upon which relief may be granted pursuant to FRCP 12(b)(6).

I.  Subject Matter Jurisdiction

In a motion to dismiss for lack of the subject matter jurisdiction the

plaintiff bears the initial burden of proving that subject matter jurisdiction exists.

Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992). Upon a motion to

dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party

---

[4] The government filed the same Motion to Dismiss in case number 07-00170 and case number 07-00564.  In the interests of clarity, the Court refers to the motions simply as the "Motion to Dismiss."

[5] Due to Plaintiff's pro se status and the Court's obligation to liberally construe the cross-claims, the Court does not consider the improper service argument here.

may make a jurisdictional attack that is either facial or factual.  Safe Air for Everyone, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id.  A factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction."  Id.

In resolving a facial attack on the allegations of the complaint, the court must accept the allegations of the complaint as true.  Mason v. Arizona, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003).  "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction."  Id.

If the movant makes a factual attack on jurisdiction, the court may review evidence beyond the complaint.  Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  In resolving an attack on the facts, however, a court may weigh evidence to determine whether it has jurisdiction, as long as the jurisdictional facts are not intertwined with the merits.  Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987).  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial

court from evaluating for itself the merits of jurisdictional claims." <u>Thornhill</u>

<u>Publishing Co.</u>, 594 F.2d at 733.  "Once the moving party has converted the

motion to dismiss into a factual motion by presenting affidavits or other evidence

properly brought before the court, the party opposing the motion must furnish

affidavits or other evidence necessary to satisfy its burden of establishing subject

matter jurisdiction." <u>Savage v. Glendale Union High Sch.</u>, 343 F.3d 1036, 1039

n.2. (9th Cir. 2003).

       Pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted.  Review is limited to the contents of the

complaint.  <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir.

1994).  Allegations of fact in the complaint must be taken as true and construed in

the light most favorable to the plaintiff.  <u>See</u> <u>Livid Holdings Ltd. v. Salomon Smith</u>

<u>Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).  A complaint need not include

detailed facts to survive a Rule 12(b)(6) motion to dismiss.  <u>See</u> <u>Bell Atl. Corp. v.</u>

<u>Twombly</u>, 127 S. Ct. 1955, 1965 (2007).   In providing grounds for relief,

however, a plaintiff must do more than recite the formulaic elements of a cause of

action.  <u>See</u> <u>id.</u> at 1966.  A plaintiff must include enough facts to raise a reasonable

expectation that discovery will reveal evidence.  In other words, a plaintiff must

8

allege enough facts to state a claim for relief that is plausible on its face.  See id. at

1974.  "[C]onclusory allegations without more are insufficient to defeat a motion

to dismiss for failure to state a claim."  McGlinchy v. Shell Chem. Co., 845 F.2d

802, 810 (9th Cir. 1988).

II.  Failure to State a Claim

         A motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Review is

limited to the contents of the complaint.  Clegg v. Cult Awareness Network, 18

F.3d 752, 754 (9th Cir. 1994).  Allegations of fact in the complaint must be taken

as true and construed in the light most favorable to the plaintiff.  Livid Holdings

Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  A

complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion

to dismiss.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965. (2007).  However,

in providing grounds for relief, a plaintiff must do more than recite the formulaic

elements of a cause of action.  Id. at 1966.  The plaintiff must include enough facts

to raise a reasonable expectation that discovery will reveal evidence.  In other

words, the plaintiff must allege enough facts to state a claim for relief that is

plausible on its face.  Id. at 1974.  "[C]onclusory allegations without more are

9

insufficient to defeat a motion to dismiss for failure to state a claim." <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. <u>See</u> <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003) (same). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. <u>See</u> <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" <u>Id.</u> (quoting <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987), <u>superceded by statute</u>, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)). "[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." <u>Id.</u>

## DISCUSSION

Federal Defendants argue that dismissal of the Claims is warranted because: (1) this is not a case within the Court's admiralty jurisdiction; (2) Judge

Seabright and Magistrate Judge Kobayashi are entitled to judicial immunity; (3) the Claims should be dismissed for improper service; (4) the Claims are barred by sovereign immunity; (5) the Claims are barred by the Anti-Injunction Act; (6) any claim regarding Hawaii statutes governing liens should be rejected; (7) in the alternative, the government attorneys are entitled to absolute immunity; (8) alternatively, as to the remaining defendants, the Claims fail to state a constitutional claim for damages under <u>Bivens</u>; and (9) to the extent that Plaintiff's allegations assert claims against the United States which sound in tort, Plaintiff fails to assert a claim upon which relief may be granted.

I.  <u>Jurisdiction</u>

While unclear, Plaintiff apparently first contends that the underlying actions sound in admiralty.  Plaintiff is incorrect.  "Admiralty jurisdiction exists only if the complained of incident occurred on navigable waters or is substantially related to traditional maritime activity."  <u>Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527, 533 (1995).  It is plain from the nature of the two cases against Plaintiff and from his Claims themselves that this action relates to the federal government's assessment and collection of taxes.  There is no allegation of any maritime activities, no allegation of any incident occurring on the navigable waters of the United States, and no suggestion that any maritime vessel

is implicated.  As such, the Court finds that Plaintiff's Claims do not invoke this Court's admiralty jurisdiction.

II.  Judicial Immunity

Federal Defendants argue that Judge Seabright and Magistrate Judge Kobayashi are entitled to judicial immunity from Plaintiff's Claims.  Plaintiff apparently contends that Judge Seabright (1) acted arbitrarily by ordering Plaintiff to appear before Magistrate Judge Kobayashi, and (2) "sustained Libelants' fraud on Claimant by issuing a mock unilateral Court order against Claimant to Show Cause."  (Cross-Complaint at 6.)

Judges are immune from liability for damages for acts committed within their judicial jurisdiction.  Harvey v. Waldron, 210 F. 3d 1008, 1012 (9th Cir. 2000).  Judicial immunity is overcome in only two circumstances.  Id.  First, a judge is not immune from liability for nonjudicial actions.  Id.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.  Id. (internal citation omitted).

The Court's careful review of the record indicates that Judge Seabright and Magistrate Judge Kobayashi's actions here consisted of presiding over and issuing rulings in the summons enforcement case.  These acts were clearly judicial in nature.  Plaintiff's inartfully crafted allegations reference no acts

that occurred outside of either Judge Seabright or Magistrate Judge Kobayashi's judicial jurisdiction.  As such, the Court GRANTS Federal Defendants' Motion to Dismiss with respect to Judge Seabright and Magistrate Judge Kobayashi on the basis of judicial immunity.

III.  Sovereign Immunity

Along with the United States of America, Plaintiff names two federal judges and 12 federal government employees as defendants in his Claims.  To the extent relief is requested in a complaint, if granted, would result in a judgment that would expend itself on the public treasury or restrain the federal government from action or interfere with public administration, the suit constitutes an action against the United States.  See Dugan v. Rank, 372 U.S. 609, 620 (1962) (citing Land v. Dollar, 330 U.S. 731, 738 (1947)).

Here, Plaintiff's prayer for relief includes vacating the liens against his property and a claim for damages against Federal Defendants for $1,086,268.40.  Clearly, this requested relief, if granted, would result in an expenditure on the public treasury in the form of pecuniary damages.  In addition, the relief sought by Plaintiff would interfere with public administration in that it would restrain the federal government from pursuing the tax collection action

against Plaintiff.  As a result, Plaintiff's Claims are brought against the United States.

It is well settled that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define the court's jurisdiction.  United States v. Dalm, 494 U.S. 596, 608 (1990).  Waiver of sovereign immunity must be explicitly expressed and "must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute."  Fostvedt v. United States, 978 F.2d 1201, 1202-03 (10th Cir. 1992).  Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required.  Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

Plaintiff's Claims are barely discernible.  Nevertheless, Plaintiff appears to assert causes of action against Federal Defendants for their respective roles in the government's tax collection efforts against Plaintiff.  Plaintiff has not provided any legal basis to suggest that the government has waived its sovereign immunity for such suits.  Accordingly, Plaintiff's Claims against the United States are barred by sovereign immunity.  The Court therefore GRANTS Federal Defendants' Motion to Dismiss.

III. <u>Anti-Injunction Act</u>

Alternatively, Federal Defendants argue that Plaintiff is attempting to obtain an order prohibiting the IRS from collecting his unpaid federal income taxes and discharging the federal tax liens from his real property and, as such, Plaintiff's Claims are barred by the Anti-Injunction Act.  The Court agrees.

The Anti-Injunction Act provides that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a).  The principal purpose of the Anti-Injunction Act is "to preserve the Government's ability to assess and collect taxes expeditiously with a minimum of preenforcement judicial interference and to require that the legal right to the disputed sums be determined in a suit for refund." <u>Church of Scientology v. United States</u>, 920 F.2d 1481, 1484-85 (9th Cir. 1990) (internal quotation and citation omitted), <u>cert.</u> <u>denied</u>, 500 U.S. 952 (1991).

The proscriptions of the Anti-Injunction Act are subject to limited statutory exceptions, none of which are applicable here.  In addition, the Supreme Court has recognized a narrow judicial exception where the taxpayer shows: (1) that under no circumstances could the government ultimately prevail on the merits, and (2) that equity jurisdiction otherwise exists (i.e. that the taxpayer is threatened

with irreparable harm and there is no adequate legal remedy available).  Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 6-8 (1962).

   The clear language of the Anti-Injunction Act bars Plaintiff's Claims as they relate to any attempt by Plaintiff to restrain the government from assessing or collecting income taxes.  Furthermore, Plaintiff cannot avail himself of the judicial exception to the Anti-Injunction Act because he cannot establish that under no circumstances could the United States ultimately prevail in the underlying actions against him.  As best as this Court can discern, Plaintiff's Claims advance a myriad of tired arguments regarding the government's inability to assess income taxes on Plaintiff.  These arguments have been repeatedly rejected by the courts. See, e.g., Maisano v. United States, 908 F.2d 408, 409 (9th Cir. 1990); Crain v. Commissioner of Internal Revenue, 737 F.2d 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. The constitutionality of our income tax system-including the role played within that system by the Internal Revenue Service and the Tax Court-has long been established.")

In addition, Plaintiff has an adequate alternative remedy at law. Specifically, Plaintiff has the opportunity in the IRS summons enforcement case to appear before this Court at the show cause hearing, where he can argue as to why he should not be held in contempt for failing to abide by the Court's order enforcing the summons.  In the more recently filed case seeking to reduce the federal tax assessments against Plaintiff to judgment, Plaintiff may similarly raise whatever defense he believes he has to this Court prior to any final determination. As such, Plaintiff's vague insinuations that he has been deprived of due process are without merit and do nothing to extricate Plaintiff from the bounds of the Anti-Injunction Act.

For these reasons, the Court alternatively GRANTS Federal Defendants' Motion to Dismiss because Plaintiff's Claims are barred by the Anti-Injunction Act.

IV.  Hawai`i Statutes

Federal Defendants assert that Plaintiff fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) to the extent Plaintiff's Claims are based on violations of Hawai`i statutes governing liens.  The Court again agrees.  Regarding the applicability of state law in federal tax collection

actions, the Supreme Court has stated that "state law controls in determining the nature of the legal interest which the taxpayer had in the property . . . . [T]he federal statute creates no property rights but merely attaches consequences, federally defined, to rights created under state law." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 722 (1985) (internal quotations and citations omitted). Once it has been determined that state law creates sufficient interests in the taxpayer to satisfy the requirements of the statute, state law is inoperative and the tax consequences thenceforth are dictated by federal law. Id. (internal quotation and citation omitted). Thus, as Plaintiff has a clearly established interest in the real property that is the subject of the disputed liens, federal law controls here and there can be no claim under Hawai`i statutes governing liens.

In addition to the other grounds on which this Court determined that dismissal of Plaintiff's Claims was warranted, the Court hereby GRANTS Federal Defendants' Motion to Dismiss with respect to Hawai`i statutes governing liens.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Federal Defendants' Motion to Dismiss.  Having determined dismissal to be appropriate

on multiple grounds, the Court declines to discuss Federal Defendants' additional

arguments in favor of dismissal.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 30, 2008.



_____
David Alan Ezra
United States District Judge


United States v. Webb, CV No. 07-00170 JMS LEK; United States v. Webb et al., CV. No. 07-00564 JMS KSC; ORDER GRANTING ALL DEFENDANTS' MOTION TO DISMISS DEFENDANT NICHOLAS P. WEBB I'S CROSS-COMPLAINT