IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>NICHOLAS P. WEBB I, FRANCINE M. WEBB, NICHOLAS P. WEBB II, FIRST HAWAIIAN BANK, RICHARD C. REYNOLDS, LINDA L. REYNOLDS, STATE OF HAWAII, DEPARTMENT OF TAXATION, MAUI COLLECTION SERVICE, INC.,<br><br>        Defendants. | Civil No. 07-00564 JMS KSC<br><br>**FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FRANCINE M. WEBB, NICHOLAS P. WEBB II, AND MAUI COLLECTION, INC.** |

**FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FRANCINE M. WEBB, <u>NICHOLAS P. WEBB II, AND MAUI COLLECTION, INC.</u>**

Before the Court is Plaintiff United States' ("the Government") Motion for Default Judgment Against Defendants Francine M. Webb ("Mrs. Webb"), Nicholas P. Webb II ("Webb II"), and Maui Collection Service, Inc., filed August 15, 2008. None of the defendants have responded to the Motion. Defendants State of Hawaii Department of Taxation ("State") and First Hawaiian Bank, who have appeared in this case, responded that they take no position with respect to the Motion. The matter was heard on September 22, 2008, with Jeremy N. Hendon, Esq. appearing by

telephone for the Government and David Nakashima, Esq. appearing for First Hawaiian Bank.  Neither Mrs. Webb nor Webb II responded to the motion nor appeared at the hearing.  After careful consideration of the Motion, supporting documents, the hearing on the matter, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

On November 16, 2007, the Government filed the instant complaint, seeking to 1) reduce to judgment a federal income tax liability assessed jointly against Mrs. Webb and her husband, Nicholas P. Webb I ("Webb I"), for tax year 1992; 2) reduce to judgment certain federal income tax liabilities assessed against Webb I individually; 3) obtain an order foreclosing its federal tax liens on the real property at issue ("subject property") that the United States contends is owned by defendants Mrs. Webb and Webb I (but was titled in the name of Webb II at the time of filing the complaint); 4) and obtain an order allowing for a sale of the subject property to partially satisfy the federal tax liens at issue in this case.

The Government asserts that on the following various dates, a delegate of the Secretary of the Treasury made assessments against Mrs. Webb and her husband Webb I for unpaid federal income taxes (Form 1040 taxes) for the tax year 1992 as follows:

| TAX | TAX PERIOD | DATE OF ASSESSMENT | ASSESSED AMOUNT | OUTSTANDING BALANCE* AS OF 11/14/07 |
|---|---|---|---|---|
| 1040 | 1992 | 09/08/97<br><br><br><br><br>03/06/00 | (1) $  4,844.00<br>(2) $  2,899.96<br>(3) $  1,168.00<br>(4) $     560.00<br>(5) $         0.29<br>(6) $     100.00 | $ 12,465.39 |

_____
(1) Assessed Tax.
(2) Assessed Interest.
(3) Late Filing Penalty.
(4) Accuracy Penalty.
(5) Failure to Pay Penalty.
(6) Fees and Collection Costs.

* Including accrued but unassessed interest and statutory additions through November 14, 2007. [Complaint at ¶ 14.]

The Government asserts that proper notice and demand for payment of the assessments described above was made upon Mrs. Webb. [Id. at ¶ 15.] The Government further asserts that despite notice and demand for payment, Mrs. Webb neglected, failed and/or refused to fully pay those assessed amounts. [Id. at ¶ 16.] At the time it filed the Complaint, the Government asserted that there was due and owing from Mrs. Webb on the assessments described above the sum of $12,465.39, plus statutory interest and other additions running from November 14, 2007, as provided by law. [Id. at ¶ 17.] The Government now asserts that the total amount that Mrs. Webb owes for the assessments described above (jointly and severally with Webb I), calculated through August 13, 2008, is $13,026.21. However, interest

continues to be compounded daily according to 26 U.S.C. § 6622 until the outstanding balance is paid in full.  [Mem. in Supp. of Motion at 9.]

On July 18, 2001, Richard C. Reynolds and Linda L. Reynolds conveyed a 50% interest in the subject property to Mrs. Webb and Webb I, as tenants by the entirety between themselves, and as a tenant in common with the other 50% owner.  [Complaint at ¶ 32.] On July 18, 2001, defendants Richard C. Reynolds and Linda L. Reynolds conveyed the other 50% interest in the subject property to Howard Webb as a tenant in common with Mrs. Webb and Webb I. [Id.]

On or about June 5, 1996, Howard Webb conveyed all of his interest in the subject property to Mrs. Webb and Webb I.  After this conveyance, Mrs. Webb and Webb I held complete ownership in the subject property as tenants by the entirety. [Id. at ¶ 35.]

The Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien with the State of Hawaii, Bureau of Conveyances on February 23, 2000, against Webb I for the assessments for tax year 1992. [Id. at ¶ 25.]  The IRS filed a Notice of Federal Tax Lien with the State of Hawaii, Bureau of Conveyances on April 13, 2007, against Mrs. Webb and Webb I for the assessment for tax year 1992. [Id. at ¶ 26.]

On or about October 14, 2005, Mrs. Webb and Webb I recorded a Deed with the State of Hawaii Bureau of Conveyances purporting to transfer their ownership of the subject property to Webb II.

[Id. at ¶ 36.]

On or about May 5, 2006, defendant Maui Collection Service, Inc. filed a judgment lien against the subject property with the State of Hawaii Bureau of Conveyances based on a judgment it obtained against Mrs. Webb and Webb I on or about March 24, 2006. [Id. at ¶ 38.]

The Government asserts that its liens attach to the subject property and that it is entitled to sell the subject property to enforce its liens.  [Id. at ¶¶ 24, 48-50.]

On January 31, 2008, the Government properly served Mrs. Webb pursuant to Fed. R. Civ. P. 4(e)(2).  Mrs. Webb has not filed an answer or other responsive pleading, nor has she appeared in this case.  The Clerk of the Court entered default against Mrs. Webb on June 10, 2008.

On December 13, 2007, the Government properly served Webb II pursuant to Fed. R. Civ. P. 4(e)(2).  Webb II has not filed an answer or other responsive pleading, nor has he appeared in this case.  The Clerk of the Court entered default against Webb II on June 10, 2008.

With respect to Maui Collection Service, Inc., it agreed to waive service of the summons and a copy of the complaint and had 60 days after January 3, 2008, or by March 3, 2008, within which to file a responsive pleading to the complaint.  Maui Collection Service, Inc. has not filed an answer or other responsive pleading, nor has it appeared in this case.  The Clerk of the

Court entered default against the Maui Collection Service, Inc. on June 10, 2008.

The Government filed the instant Motion on August 15, 2008. The default judgment would 1) reduce the federal income tax assessment against Mrs. Webb for the 1992 tax year to judgment; 2) determine that Webb II took record title to the subject property subject to the federal tax liens and/or that the conveyance of title to the subject property to Webb II was fraudulent and should be set aside and/or that Webb II is holding title to the subject property as the nominee of Mrs. Webb and Webb I; 3) extinguish any interest that Maui Collection Service, Inc. may have in the subject property; and 4) preclude Mrs. Webb, Webb II, and Maui Collection Service, Inc. from objecting to the Government's right to foreclose its federal tax liens against the subject property and obtain an order to sell the subject property.  The Government argues that the merits of its claim to reduce the federal income tax assessment against Mrs. Webb and its foreclosure claim, as well as the sufficiency of the Complaint, weigh in favor of issuing default judgment.  [Mem. in Supp. of Motion at 6-22.]

Congress has authorized the IRS to collect outstanding tax liabilities.  Pursuant to 26 U.S.C. § 7402(a), the United States can bring an action to obtain a judgment in order to enforce the internal revenue laws.  Pursuant to 26 U.S.C. § 7403(a), where the taxpayer refuses or neglects to pay his federal taxes, the

United States can bring a civil action in federal court to enforce a tax lien or to subject a taxpayer's property to payment of such federal taxes.  Section 7403(b) requires the United States to name as defendants all persons who have an interest in, or a lien upon, the property at issue.  Section 7403(c) provides that, after all parties have been notified of the action, the court shall determine the merits of all claims to and liens upon the property.  Where the United States establishes its interest in the property, the court can direct a sale of the property. [Id. at 15-18.]

The Government argues that it has complied with the statutory requirements and that it is entitled to a judgment against Mrs. Webb for the outstanding federal income taxes she owes and to a foreclosure of its federal tax liens and a sale of the subject property.

The Government argues that is entitled to a judgment against Mrs. Webb because not only has her failure to appear and plead against the claims in the complaint led to admissions of those well-pleaded allegations, but also because it has submitted sufficient additional evidence to support the amount it claims Mrs. Webb owes the Government.  Specifically, the Government contends that the submission of a Certificate of Assessments and Payments (IRS Form 4340) for the tax year at issue is the proper means of establishing the facts of the administrative assessment, and notice and demand for payment, as well as the dates, the

3604558.1

amounts, and the bases for the assessment of tax and penalties for each tax year.  In addition, the Government argues that the submission of the declaration of an IRS advisor with attached computer printouts which contain breakdowns of the tax, penalties, and interest, as well as a calculation of the accrued interest for income tax liabilities for each period, provides sufficient evidence of the assessed balance as well as accruals, calculated through August 13, 2008, including application of any payments or credits.  [Id. at 6-9.]

The Government also argues that it would be prejudiced if Webb II's and Maui Collection Service, Inc.'s interests in the subject property are not extinguished because the United States would not be able to sell the subject property.  The Government argues that the potential prejudice to it, and to the other parties, weighs in favor of granting default judgment.  The Government notes that it is not seeking damages against either Webb II or Maui Collection Service, Inc. and that the extinguishment of any interest in, and record title to, the subject property of both Webb II and Maui Collection Service, Inc. would not affect any amount Mrs. Webb and/or Webb I may owe them.  The Government therefore argues that the amount at issue also weighs in favor of granting default judgment.  The Government contends that default judgment is also warranted because there is no possibility of a dispute over the material facts in this case.  The factual allegations of the Complaint are

presumed to be true and Mrs. Webb, Webb II, and Maui Collection Service, Inc. have never appeared in this case. [Id. at 6-20.]

The Government also argues that default judgment is appropriate because Mrs. Webb's, Webb II's, and Maui Collection Service, Inc.'s default was not the result of excusable neglect. Although many months has elapsed since their answer or other responsive pleading was due, none of them has ever filed a response to the Complaint. Thus, Mrs. Webb, Webb II, and Maui Collection Service, Inc. had knowledge of the proceedings but failed to respond and there is nothing in the record indicating that this was the result of excusable neglect. [Id. at 20-21.]

Finally, the Government acknowledges that there is a strong policy favoring decisions on the merits, but the Government argues that Mrs. Webb, Webb II, and Maui Collection Service, Inc. had ample opportunity to respond and failed to do so. It would be unfair to penalize the Government on its claim to reduce the income tax assessment to judgment and to all of the other non-defaulting parties by jeopardizing the sale of the subject property. [Id. at 21-22.] The Government therefore argues that all of the relevant factors weigh in favor of granting default judgment.

## DISCUSSION

Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time. Fed. R. Civ. P. 55(a). "'The general rule of law is that upon

default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The Court has discretion whether to enter default judgment. See Lau Ah Yew v. Dulles, 236 F.2d 415 (9th Cir. 1956). In Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court identified seven factors that districts court may consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72. "In applying this discretionary standard, default judgments are more often granted than denied." PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Where a default is entered, the well-pleaded allegations in the complaint are taken as true. See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes, 559 F.2d at 560. The plaintiff, however, must establish the relief to which it is entitled. See Pope v. United States, 323 U.S. 1 (1944); Fair Housing of Marin, 285 F.3d at 906.

The Government has diligently litigated the instant case and

it will be prejudiced if judgment is not entered in its favor on its claim to reduce the federal income tax assessment against Mrs. Webb to judgment. The Court also finds that the Complaint sufficiently alleges substantive claims which concern a modest amount of money. In addition to the fact that the well-pleaded allegations of the Complaint are taken as true, the Government has submitted sufficient additional evidence to prove the amount due and owing from Mrs. Webb. Specifically, the Government has submitted an IRS Form 4340 for the 1992 tax year which is the proper means of establishing the facts of the administrative assessment, amounts of the assessments, and notice and demand for payment. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (Forms 4340 are proof that proper notices are sent); Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir. 1991) (Forms 4340 qualify as a public record under Fed. R. Evid. 803(8)). Further, this IRS Form 4340 is self-authenticating as a public document under seal and as a certified copy of an official document. See Fed. R. Evid. 902(1) and (4). The Government also has properly established the accruals through the Declaration of M. Henry Halle, IRS Advisory Insolvency & Quality Advisor, and the attachments thereto. Accordingly, judgment should be entered against Mrs. Webb (jointly and severally with Webb I), and in favor of the United States, for unpaid federal income taxes (Form 1040) for the 1992 tax year, calculated through August 13, 2008, in the amount of $13,026.21 with statutory additions accruing

according to law until paid in full.

The Court further finds that the Government will be prejudiced if Webb II's and Maui Collection Service, Inc.'s interests in the subject property are not extinguished and Mrs. Webb, Webb II, and Maui Collection Service, Inc. are not precluded from objecting to the Government foreclosing its federal tax liens against the subject property.  The Court also finds that the Complaint sufficiently alleges substantive claims which concern a modest amount of money.  Further, in light of the fact that Mrs. Webb, Webb II, and Maui Collection Service, Inc. have never appeared in this case, there is no possibility of a dispute over the material facts and there is no indication that their default was due to excusable neglect.[1]

This Court therefore finds that factors (1) through (6)

---

[1] On or about February 22, 2008, Mrs. Webb filed a notice with the Court asserting her belief that she was not properly served for several frivolous reasons as well as ultimately claiming improper service because the summons and complaint never "reached [her] hands."  See docket #21.  Mrs. Webb fails to understand that under Fed. R. Civ. P. 4(e)(2), service is proper by leaving a copy of the summons and the complaint at her dwelling or usual place of abode with a person of suitable age and discretion, which is what the United States asserts it did in this case, and does not require that the summons and complaint be directly served on her person.  See docket #17.  Thus, because Mrs. Webb has not officially appeared and properly established that service on her was not proper, her "notice" filed on February 22, 2008, regarding proper service should be rejected.  It further demonstrates her knowledge that she should have responded at least to the motion for default judgment to make her claim that service of process was ineffective.  Instead, she chose to do nothing.  The Government and other parties should not be adversely affected by her conscious and knowing decision not to participate in this action.

weigh in favor of granting the Motion. The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits. Having considered all of the relevant factors, this Court FINDS that default judgment against 1) Mrs. Webb on Count I in the Complaint, 2) Webb II on Count III in the Complaint finding that the federal tax liens at issue in this case attached to the subject property before the purported transfer of title to the subject property from Mrs. Webb and Webb I to Webb II and that such transfer was fraudulent as to the United States and should be set aside and that Webb II is holding title to the subject property as the nominee of Mrs. Webb and Webb I and 3) Mrs. Webb, Webb II, and Maui Collection Service, Inc. with respect to Count III is warranted. This Court therefore RECOMMENDS that the district judge issue judgment in favor of the Government and against Mrs. Webb on Count I in the amount of $13,026.21, calculated through August 13, 2008, with statutory additions accruing according to law until paid in full; in favor of the Government and against Webb II on Count III in the Complaint finding that the federal tax liens at issue in this case attached to the subject property before the purported transfer of title to the subject property from Mrs. Webb and Webb I to Webb II and that such transfer was fraudulent as to the United States and should be set aside and that Webb II is holding title to the subject property as the nominee of Mrs. Webb and Webb I; and in favor of the Government and against Webb II and

Maui Collection Service, Inc. which would extinguish their interest in the subject property and preclude Mrs. Webb, Webb II, and Maui Collection Service, Inc. from objecting to a foreclosure of the federal tax liens against the subject property by the Government in this case.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion for Default Judgment Against Defendants Francine M. Webb, Nicholas P. Webb II, and Maui Collection Service, Inc., filed August 15, 2008, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: AT HONOLULU, HAWAII, September 29, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge