IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO. 07-00564 JMS/KSC |
| | ) |
| Plaintiff, | ) ORDER GRANTING UNITED |
| | ) STATES' MOTION FOR |
| vs. | ) SUMMARY JUDGMENT |
| | ) |
| NICHOLAS P. WEBB I, FRANCINE | ) |
| M. WEBB, NICHOLAS P. WEBB II, | ) |
| FIRST HAWAIIAN BANK, | ) |
| RICHARD C. REYNOLDS, LINDA | ) |
| L. REYNOLDS, STATE OF | ) |
| HAWAII, DEPARTMENT OF | ) |
| TAXATION, MAUI COLLECTION | ) |
| SERVICE, INC., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The United States of America (the "United States") moves for summary judgment against Defendant Nicholas P. Webb I ("Webb") to reduce judgment for certain federal tax assessments, to foreclose federal tax liens on the real property located at 149 Mehani Circle, Kihei, Hawaii 96753 ("Mehani Circle property"), and to obtain an order forcing the sale of the Mehani Circle property to satisfy those liens. Based on the following, the court GRANTS the United States'

Motion for Summary Judgment.

## II. BACKGROUND

**A.     Factual Background**

*1.     Webb's Tax Liability*

Webb filed his 1992 Form 1040 ("federal income tax return") with the Internal Revenue Service ("IRS"). Halle Decl. ¶ 5.[1] The IRS determined that Webb failed to properly assess his 1992 federal income tax liability, audited him, and recalculated the tax liability. *Id.*; Hendon Ex. 1; Halle Ex. 2.[2] Over the next two years, Webb did not file his 1993 and 1994 federal tax returns and, based upon that failure, the IRS calculated Webb's 1993 and 1994 federal income tax liability using available information. Halle Decl. ¶ 5; Halle Exs. 3-4; Hendon Exs. 2-3.[3]

For the 1995, 1996, 1997, 1998, and 2001 income tax years, the IRS

---

[1] Webb and his wife Francine M. Webb ("Francine") filed their 1992 taxes jointly. Hendon Ex. 1. On October 16, 2008, this court entered an Order Adopting Magistrate's Findings and Recommendation ("October 16, 2008 Order") adopting the recommendation to enter default judgment against Francine for unpaid federal income taxes for 1992. Doc. No. 80.

[2] The United States' Motion for Summary Judgment includes two separate sets of exhibits -- one attached to the Hendon Declaration and another to the Halle Declaration. For clarity, the court identifies the United States' exhibits by the corresponding declaration.

[3] Although Webb subsequently filed documents purporting to be federal income tax returns for 1993 and 1994, the IRS claims that the 1993 and 1994 returns failed to include his correct federal tax liabilities. Halle Decl. ¶ 5. The IRS, therefore, subsequently assessed Webb's federal income tax liabilities for 1993 and 1994. *Id.*

based their tax assessments on Webb's income tax returns and corresponding materials. Halle Decl. ¶ 7; Halle Exs. 5-9; Hendon Exs. 4-8 (assessments against Webb), 9-13 (Webb's tax returns). The IRS sent Webb notice of the 1992 to 1998 and 2001 assessments and demands for payment. Halle Decl. ¶ 5; Hendon Exs. 1-8. Webb has not paid the assessed federal taxes for 1992 through 1998 and 2001.[4] *See* Halle Decl. ¶ 5; Hendon Exs. 4-8. As a result, the IRS has calculated that Webb owes $1,138,679.06 in federal income taxes, penalties, and interest through August 13, 2008. Halle Decl. ¶ 16. Webb does not deny that he owes federal income taxes and associated penalties and interest for the 1992 to 1998 and 2001 income tax years in this amount. Supp. Hendon Decl. ¶ 4; Pl.'s Ex. 20.[5]

### 2. *The Mehani Circle Property*

To partly set-off Webb's outstanding federal tax debt, the United States seeks foreclosure of the Mehani Circle property. Pl.'s Mot. in Supp. 7. On July 16, 1991, Richard and Linda Reynolds conveyed a 50% interest in the

---

[4] Webb generally protests the IRS' ability to levy taxes against him. *See* Halle Ex. 1, at US395, 397, 411.

[5] The United States served their First Set of Admissions on Webb on June 9, 2008, *see* Hendon Ex. 20, and have not received any response to date. *See* Supp. Hendon Decl. ¶ 4. Pursuant to Federal Rule of Civil Procedure 36(a)(3), these admissions are deemed admitted. While Webb is pro se, that does not excuse him from following the Federal Rules of Civil Procedure. *See, e.g.*, *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not . . . a license not to comply with relevant rules of procedural and substantive law.").

Mehani Circle property to Webb and his wife Francine, as tenants by the entirety between themselves and the other 50% owner, Howard Webb. Hendon Ex. 14; Hendon Decl. ¶ 17. On or about June 5, 1996, Howard Webb conveyed all of his interest in the Mehani Circle property to Webb and Francine -- granting the Webbs complete ownership as tenants by the entirety. Hendon Ex. 17; Hendon Decl. ¶ 20.

The IRS filed Notices of Federal Tax Liens with the State of Hawaii Bureau of Conveyances ("Bureau of Conveyances") against Webb ("Webb's Federal Tax Liens") for the 1992, 1993, and 1994 tax assessments on February 23, 2000; the 1996 and 1998 tax assessments on November 3, 2000; the 1995 and 1997 tax assessments on March 1, 2001; and the 2001 tax assessment on September 9, 2005. Hendon Ex. 19; Hendon Decl. ¶ 22; Supp. Hendon Decl. ¶ 6.

On October 14, 2005, Webb and Francine recorded a deed dated October 11, 2005 with the Bureau of Conveyances purporting to transfer their ownership of the Mehani Circle property to their son, Defendant Nicholas P. Webb II (" Webb II"). Hendon Ex. 18; Hendon Decl. ¶ 21. Webb, however, admits that he and Francine are the true owners of the Mehani Circle property and that they did not receive any consideration for the transfer to their son. *See* Supp. Hendon Decl. ¶ 4; Hendon Ex. 20. Additionally, the October 16, 2008 Order

extinguished Webb II's rights to the Mehani Circle property.  Doc. No. 80.

**B.     Procedural History**

On November 16, 2007, the United States filed a Complaint against Webb, Webb II, Francine, First Hawaiian Bank, Richard and Lisa Reynolds,[6] the State of Hawaii Department of Taxation, and Maui Collection Service, Inc. alleging that Webb owes unpaid federal income taxes, including interest and penalties, for the tax years 1992 to 1998 and 2001, and requesting that the court decree that Webb's Federal Tax Liens attach to the Mehani Circle property, determine that Webb II took title subject to those liens, order the federal tax liens be foreclosed upon the property, determine each Defendant's interest in the property, order a sale, and distribute the proceeds according to priority.  The October 16, 2008 Order adopted the Magistrate Judge's recommendation that default judgment be entered against Francine, Webb II, and Maui Collection, Inc. Doc. No. 80.

Currently before the court is the United States' Motion for Summary Judgment against Webb filed on August 21, 2008.  On September 16, 2008, the State of Hawaii Department of Taxation filed a Statement of No Position and

---

[6] On January 8, 2008, Richard and Lisa Reynolds each filed a Disclaimer of Interest in the Mehani Circle property.  Doc. Nos. 7, 8.  The court, therefore, DISMISSES Richard and Lisa Reynolds from this action.

Notice of Non-Appearance. On September 18, 2008, First Hawaiian Bank filed a Statement of No Opposition.[7] Webb submitted papers on September 23, 2008, October 3, 2008, and October 10, 2008. A hearing was held on October 6, 2008, although Webb did not attend.

### III. STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56(c) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (*citing Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's*

---

[7] At the hearing, counsel for First Hawaiian Bank withdrew all objections to the United States' Proposed Order of Foreclosure and Judicial Sale within their September 18, 2008 Statement of No Position.

*Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [and] come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV. ANALYSIS

### A. Webb's Unpaid Taxes and Associated Penalties

The United States asserts that summary judgment should be granted against Webb for the assessments of unpaid taxes and penalties for the 1992 to 1998 and 2001 income tax years. *See* Pl.'s Mot. in Supp. 11. For the foregoing reasons, the court agrees.

"'In an action to collect federal taxes, the government bears the initial burden of proof.'" *In re Olshan*, 356 F.3d 1078, 1084 (9th Cir. 2004) (*quoting Palmer v. I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997)). The government's burden can be met by presenting federal tax assessments. *United States v. Stonehill*, 702

F.2d 1288, 1293 (9th Cir. 1983). Certificates of Assessments and Payments ("Form 4340s") are highly probative and in the absence of contrary evidence, are sufficient to establish a tax assessment was properly made and notice and demand for payment were sent. *See Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993) ("Generally, courts have held that IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed . . . ."); *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) ("Official certificates, such as Form 4340, can constitute proof of the fact that the [tax] assessments were actually made.").

When supported by a minimal factual foundation, the IRS' assessments for taxes and related penalties are entitled to a presumption of correctness and the burden shifts to the taxpayer to show the assessment is incorrect. *See In re Olshan*, 356 F.3d at 1084; *Palmer*, 116 F.3d at 1312. If the taxpayer fails to rebut the presumption, the government is entitled to judgment as a matter of law. *See Adams v. United States*, 358 F.2d 986, 994 (Ct. Cl. 1966); *see also Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (finding taxpayers' declaration that they did not receive notice of the tax assessment was insufficient to show a genuine issue of fact for trial where IRS presented Form 4340).

The United States has submitted Form 4340s calculating Webb's tax

liability and the related penalties for 1992 to 1998 and 2001, *see* Hendon Exs. 1-8, along with Halle's Declaration supporting those assessments. Halle Decl. ¶¶ 4-16. In further support of the 1995 to 1998 and 2001 assessments, the United States has submitted Webb's federal income tax returns and associated documents. Hendon Decl. ¶¶ 12-16; Hendon Exs. 9-13. Because the United States' showing exceeds the minimal factual foundation necessary, the assessments receive a presumption of correctness and the burden of proof shifts to Webb to demonstrate any error.

Webb, however, has not put forth any evidence that there are deficiencies in the United States' Form 4340s. In fact, by failing to answer the United States' First Set of Admissions, Webb has admitted that he owes taxes and penalties in the exact amounts stated in the IRS' assessments. *See* Supp. Halle Decl. ¶ 4; Halle Ex. 20. Because Webb fails to identify any facts that would rebut the legitimacy of the 4340s, the only permissible inference is that the 1992 to 1998 and 2001 assessments of Webb's tax liability are valid as a matter of law. *See Adams*, 358 F.2d at 994.

While recognizing that the court must read the facts in the light most favorable to the non-movant and that Webb is pro se, Webb failed to offer any facts refuting the United States' evidence. Webb's September 23, 2008, October 3, 2008, and October 10, 2008 submissions are utterly incomprehensible.

Defendant's submissions, totaling over a hundred pages, include a purported $25 million promissory note and $800 million bond, partially completed tax forms, indiscernible legal documents, copies of mail receipts, a newspaper article, and other unidentifiable documents.[8]  Because the court is unable to discern any specific facts in Webb's submissions sufficient to raise a genuine issue of material fact for trial, the court finds that the assessments of Webb's tax liability and penalties for 1992 to 1998 and 2001 are correct as a matter of law.

        The court, therefore, GRANTS Defendant's Motion for Summary Judgment against Webb for the federal tax assessments made against him for 1992 to 1998 and 2001.

        Pursuant to 26 U.S.C. §§ 6601(a) and (e)(2)(A), 6621, and 6622, the United States is entitled to statutory interest on income taxes and associated penalties imposed as of the date of notice and demand, which accrues daily until paid in full.  *See Purcell v. United States*, 1 F.3d 932, 943 (9th Cir. 1993).  Once a court validates a tax assessment, awarding statutory interest is mandatory.  *See id.*

---

[8] The only potential argument the court can discern from Webb's submissions is that Webb and the Mehani Circle property -- both located in Hawaii -- are not within the jurisdiction of the United States.  *See* Webb's Sept. 28, 2008 Submission at unmarked pages 12-13.  This argument is patently frivolous.  *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (finding that Hawaii residents were subject to jurisdiction of the federal courts and refusing to recognize immunity for the "Sovereign Kingdom of Hawaii"); *McKeague v. Corporate U.S. Gov't of Wash., D.C.*, 1997 WL 1038191, at *2 (D. Haw. Oct. 9, 1997) (rejecting tax protester's argument that a citizen of Hawaii is not a United States citizen).

(noting that § 6601(e)(2)(A) is a "binding statutory directive" to award interest).

Thus, the court GRANTS summary judgment with respect to the statutory interest on the 1992 to 1998 and 2001 assessments and penalties and ORDERS that judgment be entered against Webb for those income tax liabilities and associated penalties plus statutory interest.[9]

## B.   Attachment and Foreclosure of Webb's Federal Tax Liens Against the Mehani Circle Property

Because Webb's Federal Tax Liens attached to the Mehani Circle property prior to any conveyance to Webb II, the United States is entitled to foreclosure of those liens against the Mehani Circle property.

Pursuant to 26 U.S.C. § 6321, after notice and demand, the United States obtains a lien "upon all property and rights to property, whether real or personal, belonging to" the taxpayer in the amount of the unpaid taxes, penalties, and interest. A lien arises as of the date of the assessment and continues until paid. *See* 26 U.S.C. § 6322.

Spouses who own property as tenants by the entirety in Hawaii hold a sufficient bundle of rights to constitute "property" or "rights to property" within the federal lien statute § 6321. *See United States v. Craft*, 535 U.S. 274, 288

---

[9] As of August 18, 2008, Webb owed the United States $1,138,679.06 in federal tax liabilities, including penalties and interest. Halle Decl. ¶ 16.

(2002) (concluding that, under Michigan law, husband-tenant in the entirety had sufficient "property" or "rights to property" for the purposes of the federal tax lien statute).[10] IRS tax liens, therefore, attach to a debtor's interest in Hawaii property owned as a tenant by the entirety. *See id.*; *see also In re Pletz*, 221 F.3d 1114, 1118 (9th Cir. 2000).

The United States' tax liens are perfected upon assessment, *see United States v. Vermont*, 377 U.S. 351, 355 (1964), and are effective against the taxpayer and other lienholders without filing notice. *See* 26 U.S.C. §§ 6321, 6323(a). For a tax lien to be valid against a purchaser, however, the United States must file a notice of the lien in the appropriate location -- the Bureau of Conveyances for property located in Hawaii -- more than thirty days prior to the sale. *See* 26 U.S.C. §§ 6323(b), (f); 7425(b) (stating that nonjudicial sale of property is subject to United States' lien if notice was filed or recorded in the

---

[10] Like the Michigan property law examined in *United States v. Craft*, 535 U.S. 274, 283-88 (2002), Hawaii property law grants substantially the same rights to spouses who own property as tenants by the entirety including the right to: (1) use the property, *see Sawada v. Endo*, 57 Haw. 608, 613-14, 561 P.2d 1291, 1295-96 (1977); (2) share the income produced from the property, *see In re Dean's Trust*, 47 Haw. 629, 647, 394 P.2d 432, 441-42 (1964); (3) survivorship, *see Traders Travel Int'l, Inc. v. Howser*, 69 Haw. 609, 614-15, 753 P.2d 244, 247 (1988); (4) become a tenant in common upon divorce, *see id.* at 615, 753 P.2d at 247; (5) convey the property jointly with the other spouse, *see Sawada*, 57 Haw. at 613, 561 P.2d at 1295; and (6) not to have the property severed or encumbered unilaterally. *See id.* at 614, 561 P.2d at 1295; *Lambert v. Lua*, 92 Haw. 228, 236, 990 P.2d 126, 134 (Ct. App. 1999). Also like Michigan, Hawaii does not allow the interests of one spouse to be subject to the claims of the other spouse's creditors during the spouses' joint lives. *See id.*

proper location more than more than thirty days before such sale); *see also Midway Fin. Corp. v. Walters*, 1989 WL 201204, at *3 (D. Haw. July 25, 1989) (stating federal tax liens recorded at the Bureau of Conveyances thirty days prior to a property sale binds subsequent purchasers).

The last of Webb's Federal Tax Liens was perfected and, therefore, became valid against Webb and other lienholders on September 26, 2003 -- the date of assessment of Webb's 2001 tax liability. *See* Hendon Ex. 8. Additionally, the IRS filed all of Webb's Federal Tax Liens with the Bureau of Conveyances by September 9, 2005, *see* Hendon Ex. 19; Supp. Hendon Decl. ¶ 4, *before* Webb and Francine transferred the Mehani Circle property to Webb II on October 11, 2005. Hendon Ex. 18, at US477-78. Thus, even if Webb II qualifies as a purchaser under § 6323, Webb's Federal Tax Liens are valid against Webb II pursuant to § 7425(b) because the IRS properly filed all of the liens more than thirty days prior to the purported sale to Webb II. *See* Hendon Ex. 19; Hendon Decl. ¶ 22; Supp. Hendon Decl. ¶ 4. Because Webb has not put forth any evidence contesting these facts, the court finds there is no genuine material issue that Webb's Federal Tax Liens attached to the Mehani Circle property prior to any transfer to Webb II, and therefore, Webb II took subject to those liens.[11]

---

[11] In addition, the October 16, 2008 Order adopted the Magistrate Judge's
(continued...)

Accordingly, the court ORDERS that Webb's Federal Tax Liens be foreclosed on the Mehani Circle property.

**C.     Sale of the Mehani Circle Property**

Pursuant to 26 U.S.C. § 7403, the United States may enforce a lien by commencing an action in the district court, joining all parties with an interest in the property, and obtaining a judicial sale of the property. *See United States v. Rodgers*, 461 U.S. 677, 691-92 (1983) (stating that § 7403 grants the power to a federal district court to order the sale of a delinquent taxpayer's home); *In re Pletz*, 221 F.3d at 1118. Section 7403(c) states, in pertinent part, that

> [t]he court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

"[I]n order to enforce a lien and collect on justly owed debts, the district court is empowered to order the sale of [entireties] property to satisfy the

---

[11](...continued)
recommendations: (1) finding that the federal tax liens at issue attached to the Mehani Circle property before the purported transfer of title from Webb and Francine to Webb II; (2) extinguishing Webb II's interest in the Mehani Circle property; and (3) precluding Webb II from objecting to a foreclosure of the federal tax liens against the Mehani Circle property. Doc. No. 80.

14

tax debt of one tenant, so long as it compensates the nondebtor spouse for his or her interest." *In re Pletz*, 221 F.3d at 1117-18 (noting § 7403 "explicitly allows a lien creditor like the IRS to sell not only a debtor's interest in a property, but the entire property held as a tenancy by the entirety by the debtor and his nondebtor wife"); *see also Rodgers*, 461 U.S. at 680.[12]

The United States has complied with § 7403. Webb has refused to pay his federal tax liabilities, and as a result, this court has foreclosed Webb's Federal Tax Liens against the Mehani Circle property. The United States commenced this action in the district court and all parties "having liens upon or claiming any interest in the property involved in such action" at the time of filing have been named as Defendants. *See* Compl. ¶¶ 1-2, 5-12.[13] Accordingly,

---

[12] Each spouse owns a fifty percent interest in property held as tenants by the entirety. *See, e.g.*, *Popky v. United States*, 419 F.3d 242, 245 (3d Cir. 2005) (affirming district court's valuation of non-debtor's fifty percent interest in the proceeds of property sale); *United States v. Ryan*, 2005 WL 6153137, at *3 (W.D. Mo. July 19, 2005) (valuing each spouse's interest in property held as tenants by the entirety at fifty percent and dividing proceeds from foreclosure sale equally); *Mfrs. & Traders Trust Co. v. Ruff*, 2003 WL 21439883, at *2 (N.D. Ill. June 19, 2003) (holding tenant by the entirety is entitled to half surplus from foreclosure sale); *see also In re Dean's Trust*, 47 Haw. at 647, 394 P.2d at 441-42 (stating wife was entitled to one-half of the profits from property held with husband as tenant by the entirety).

[13] While Webb II purportedly conveyed the Mehani Circle property to the Andrew Webb Trust after commencement of this action, the court may order sale of the property without ordering the United States to amend the Complaint because the United States named all persons claiming interest in the property *at the time the Complaint was filed*. *See* 26 U.S.C. § 7403. To find otherwise would allow a delinquent taxpayer to thwart the sale of his property ad infinitum through continual transfers.

Further, while not a named party, pursuant to Hawaii Revised Statutes (HRS) § 634-51,
(continued...)

pursuant to § 7403, this court ORDERS the sale of the Mehani Circle property to satisfy Webb's Federal Tax Liens.

## V.  CONCLUSION

Based on the foregoing, the court GRANTS Plaintiff's Motion for Summary Judgment against Webb and ORDERS (1) that Webb's federal income tax liabilities and associated penalties plus interest be reduced to judgment, (2) that Webb's Federal Tax Liens be foreclosed on the Mehani Circle property,

///

///

///

///

///

---

[13](...continued)
the Andrew Webb Trust has notice and is bound by the judgment in this action.  HRS § 634-51 provides that where an action is properly recorded with the Bureau of Conveyances or United States District Court, "a person who becomes a purchaser or incumbrancer of the property affected [by an action concerning real property] shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if the person claims through a party to the action[.]"  Because the United States properly filed a Notice of Pendency of Action with this court and recorded the action with the Bureau of Conveyances prior to Webb II's transfer to the Andrew Webb Trust, HRS § 632-51 applies.  *See* Supp. Hendon Decl. ¶ 5; Hendon Ex. A.

and (3) sale of the Mehani Circle property.  A separate Order of Foreclosure and

Judicial Sale will immediately follow this Order.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, October 23, 2008.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*United States v. Webb et. al*, Civ. No. 07-00564 JMS/KSC, Order Granting United States'
Motion for Summary Judgment